THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN: 256535)
5100 Campus Drive, Suite 200
Newport Beach, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
email: cameron@sehatlaw.com

Attorneys for Linda Cooper

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOPER; Individually<br><br>              Plaintiffs,<br>     v.<br><br>COUNTY OF SAN LUIS OBISPO; A Governmental Entity; THOMAS MALESZA, Individually; and DOES 1 through 10,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure - Fourth Amendment (42 U.S.C. §1983)<br>2. Excessive Force - Fourth Amendment (42 U.S.C. § 1983)<br>3. *Monell*-Inadequate Training (42 U.S.C. §1983)<br>4. Battery (state)<br>5. Negligence (state)<br>6. Violation of Bane Act<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This case challenges the excessive force used by COUNTY OF SAN LUIS OBISPO Sheriff's deputy THOMAS MALESZA in executing an arrest of

-1-

1. Plaintiff, Linda Cooper ("COOPER"), on July 16, 2022. Plaintiff was standing and submitting to arrest with her arm painfully twisted behind her back when suddenly and without reason Defendant Thomas Malesza (MALESZA) slammed plaintiff to the ground, pinned her face-down with his knees on her shoulders and back. As a result of the defendant's actions plaintiff sustained a rotator cuff tear and required approximately a year of physical therapy resulting in only partial recovery.

2. The use of force against Plaintiff to seize her person was unconstitutional and violated clearly established law that would have been known to any reasonable peace deputy.

## JURISDICTION AND VENUE

3. This case arises under 42 U.S.C. § 1983. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e) in that (1) the unlawful actions challenged herein occurred in the Central District; and (2) all of the parties reside in the Central District.

5. Pursuant to California Government Code § 910 et seq., a government Tort Claim was forwarded to the County of San Luis Obispo on January 12, 2023. More than 45 days have elapsed, and to date, the County has not responded to this tort claim. As such, it was deemed rejected by operation of law. Accordingly, Plaintiff filed the present lawsuit.

## PLAINTIFFS

6. Plaintiff, Linda Cooper, at all relevant times was a resident of the County of San Luis Obispo, State of California.

## DEFENDANTS

7.     Defendant County of San Luis Obispo ("COUNTY") is a government entity that acts through individuals and to establish its policies and is capable of being sued in federal court.

8.     Defendant Thomas Malesza ("MALESZA") is a Deputy Sheriff, he was a duly authorized employee and agent of Defendant County of San Luis Obispo, and was acting under color of law within the course and scope of his perspective duties as a Deputy Sheriff and with the complete authority and ratification of his principal, the County of San Luis Obispo. Defendant MALESZA is being sued in his individual capacity.

9.     Plaintiff is unaware of the true identities and capacities of Defendants DOES 1 through 10 but upon information and belief, said DOES are employees of the County of San Luis Obispo. Each of the fictitiously named Defendants is in some manner and to some extent liable for the injuries alleged in this Complaint. Plaintiff will seek leave to amend this Complaint to allege the true identities and capacities of those fictitiously named Defendants when they are determined.

10.    At all relevant times, the unknown named Defendants were Deputies, employees, and agents of the County of San Luis Obispo. Each Defendant is, and at all times mentioned was, the agent, employee, representative, successor and/or assignee of each other Defendant. At all times herein mentioned, each and every Defendant had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other Defendant herein. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority, or the alleged acts and omission of each Defendant as an agent subsequently were ratified and adopted by each other Defendant as principal.

11.    At all times relevant to this Complaint, each Defendant acted under the color of state law.

12. Each of the individual Defendants was in some way responsible for the Constitutional violations alleged in this Complaint.

13. In committing the acts alleged in this Complaint, Defendants acted knowingly, maliciously and with reckless or callous disregard for the Constitutional rights of Plaintiff, justifying an award of punitive damages under federal and California law against each individual Defendant.

## FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 in this Complaint with the same force and effect as if fully set forth herein.

15. On July 16, 2022, Deputy MALSZEA appeared at Plaintiff's residence in connection with a complaint related to a party at the residence. Linda Cooper was confronted by Detective MALESZA when he suddenly grabbed her left arm twisted it behind her and threw her into a nearby wall. Ms. Cooper was unarmed and did not resist in any way. While Deputy MALESZA was holding Ms. Cooper's arm behind her back as she leaned in pain against the wall, he suddenly and for no reason slammed her to the ground. Plaintiff did not make any movement or take any action that could reasonably justify this escalation in force. Deputy MALESZA then used his knee to pin Ms. COOPER face down on the ground and against the wall. Deputy MALESZA held Ms. COOPER in this painful position before eventually handcuffing her and completing the arrest. Defendant MALESZA's actions were directly witnessed by several individuals and recorded on cell phone video.

16. As a result of Deputy MALESZA's assault plaintiff, who was 61 years old at the time of the incident, sustained a right rotator cuff tear and other physical injuries.

17. Ms. Cooper was initially treated at Twin Cities Hospital Center Emergency Department. Ms. Cooper endured approximately one year of follow-up treatment and physical therapy and the movement of her shoulder remains limited and painful.

18. As a result of unjustified use of force inflicted upon him, Plaintiff was deprived of her interests protected by the Constitution or laws of the United States, and defendants caused all such deprivations while acting under color of state law.

19. All acts or omissions alleged to have been engaged by any individual Defendants were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of Plaintiff.

## FIRST CLAIM FOR RELIEF
## UNREASONABLE SEARCH AND SEIZURE - FOURTH AMENDMENT
### (Against Defendant MALESZA and DOES 1 through 5)

20. The allegations set forth in paragraphs 1-19 are incorporated herein by reference.

21. Defendants MALESZA and DOES 1 through 5, while working as agents of the County of San Luis Obispo and acting within the course and scope of their duties, caused Ms. COOPER to be detained and arrested, in violation of her right to be secure in her person against unreasonable searches and seizures, as guaranteed to him under the Fourth Amendment to the Constitution of the United States and applied to state actors by the Fourteenth Amendment.

22. As a result of this conduct, Defendants are liable to Plaintiff for her injuries, because they were integral participants in the unreasonable detention and arrest, or because they failed to intervene to prevent these violations from occurring.

23. As a result of this conduct, Defendants are liable to Plaintiff for her injuries, because of his reckless conduct. As a direct and legal result of Defendants' acts and omissions, and the injuries of Plaintiff, she has suffered damages, including, without limitation, medical expenses, and the past and future pain and suffering, all to her general and special damages and past and future medical expenses according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

24. Plaintiff is informed and believes and hereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of her rights, welfare, and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE - FOURTH AMENDMENT
**(Against Defendants MALESZA and DOES 1 through 5)**

25. The allegations set forth in paragraphs 1-24 are incorporated herein by reference.

26. Defendants MALESZA and DOES 1 through 5 while working as agents of the County and acting within the course and scope of his duties, caused Ms. COOPER be assaulted, with the intent of inflicting serious injury long after Plaintiff was being compliant, and posed no threat to Deputy MALESZA or those around her. Without warning or provocation, Defendant MALESZA pushed Ms. COOPER against a wall, twisted her arm behind her back, then needlessly slammed her to the ground, and pinned her on the ground with his knees all resulting in her sustaining a right rotator cuff tear.

27. All aforementioned acts were in violation of Plaintiff's right to be secure in their persons against an unreasonable seizure guaranteed by the Fourth Amendment to the United States Constitution.

28. As a result of this conduct, Defendants are liable to Plaintiff for her injuries, because of their reckless conduct. As a direct and legal result of Defendants' acts and omissions, and the injuries of Plaintiff, she has suffered damages, including, without limitation, medical expenses, and the past and future pain and suffering, all to her general and special damages according to proof, past and future medical expenses, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

29. Plaintiff is informed and believes and hereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of their rights, welfare, and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## **THIRD CLAIM FOR RELIEF**
## **INADEQUATE TRAINING - MUNICIPAL LIABILITY**
**(Against Defendant COUNTY OF SAN LUIS OBISPO and DOES 6 through 10)**

30. The allegations set forth in paragraphs 1-29 are incorporated herein by reference.

31. On and for some time prior to July 16, 2022 (and continuing to the present date), Defendant County of San Luis Obispo and DOES 6 through 10 deprived Plaintiff of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the

safety, rights, and liberties of the public in general, and of Plaintiff, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official custom, policy, and practice of: (a) employing and retaining as police deputies and other personnel, including MALESZA, and DOES 1 through 5, who Defendants County of San Luis Obispo at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written County of San Luis Obispo's Sheriff Department policies and constitutional mandates regarding unreasonable seizures; (b) condoning and fostering unreasonable seizures by inadequately supervising, training, controlling, assigning, and disciplining County of San Luis Obispo Sheriff Deputies, and other personnel, including MALESZA, and DOES 1 through 5 who the County each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; (c) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant MALESZA, and DOES 1 through 5, who are County of San Luis Obispo Sheriff Deputies Police Deputies; (d) failing to adequately train deputies regarding unreasonable seizures, including MALESZA, and DOES 1 through 5, and failing to institute appropriate policies, including constitutional procedures and practices for using deadly force; and (e) detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, including the use of deadly force, and denying or delaying medical treatment, which also is demonstrated by inadequate training and ratification of prior misconduct related to these subjects.

   32. Defendants County of San Luis Obispo and DOES 6 through 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged

in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such polices. Such Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the Constitutional rights of Plaintiff, and other individuals similarly situated.

33. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, County of San Luis Obispo, and DOES 6 through 10 acted willfully, oppressively, maliciously, fraudulently, and with extreme offense- unconscionable to any person of normal sensibilities.

34. By reason of the aforementioned policies and practices of Defendants County of San Luis Obispo and DOES 6 through 10, Plaintiff suffered serious injuries and other harm.

35. These policies, practices, and customs implemented and maintained, and still are tolerated by County of San Luis Obispo, DOES 6 through 10, were affirmatively linked to and were significantly influential force behind the injuries of Plaintiff.

36. The conduct of by County of San Luis Obispo and DOES 6 through 10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling her to an award for exemplary and punitive damages.

## FOURTH CLAIM FOR RELIEF
## BATTERY
**(Against Defendant MALESZA and DOES 1 through 5)**

37. The allegations set forth in paragraphs 1-36 are incorporated herein by reference.

38. Defendant MALESZA and DOES 1 through 5, while working as officers and/or deputies for the County of San Luis Obispo, and acting within the

course and scope of their duties, intentionally used force against Plaintiff, including but not limited to pushing plaintiff into a wall, twisting and hyperextending her arm, slamming her to the ground and pinning her facedown with Defendant MALESZA's knees, all of which resulted in Plaintiff sustaining a right rotator cuff tear and other physical injuries. Defendant MALESZA and Defendant DOES 1 through 5 had no legal justification for using force against Plaintiff, and their use of force while carrying out their duties was unreasonable.

39. Plaintiff suffered serious harm as a direct and proximate result of the conduct of Defendant MALESZA and Defendant DOES 1 through 5 as alleged above.

40. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant DOES 1 through 5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

41. The conduct of Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary and punitive damages, along with general and special damages.

## FIFTH CLAIM FOR RELIEF
### Negligence (G.C. §815.2)
### (Against Defendants COUNTY OF SAN LUIS OBISPO, MALESZA, and DOES 1-5)

42. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. The actions and inactions of COUNTY employees, including Defendant MALESZA and DOES 1 through 5 were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff; (b) the failure to monitor and record any use of force by the COUNTY Sheriff's Department Officers, including Defendant MALESZA and Defendant DOES 1 through 5; (c) the failure to monitor and record any injuries specifically caused by the use of force by the COUNTY, Sheriff's Department, their deputies and officers, including Defendant MALESZA and Defendant DOES 1 through 5; (d) the negligent tactics and decisions; (e) the negligent detention, arrest, and use of force against Plaintiff; (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect Plaintiff's rights; (g) the negligent handling of evidence and witnesses; and (h) the negligent communication of information during the incident.

44. Plaintiff suffered harm, as a direct and proximate result of the COUNTY employees' conduct as alleged above.

45. The COUNTY is vicariously liable for the wrongful acts of its employees, including Defendant MALESZA and Defendant DOES 1 through 5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

46. The conduct of COUNTY employees, including Defendant C. MALESZA and Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

47. Plaintiff seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF BANE ACT (Cal. Civ. Cod §52.1)

**(Against Defendants County of San Luis Obispo, MALESZA, and DOES 1-5)**

48. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49. Defendant MALESZA and DOES 1 through 5 attempted to interfere with and did interfere with the rights of Plaintiff's free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

50. Plaintiff reasonably believed that if she exercised her rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, Defendant MALESZA and Defendant DOES 1-5 would commit violence against her.

51. Defendant MALESZA and Defendant DOES 1 through 5 injured Plaintiff to prevent her from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against her for having exercised her rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

52. The conduct of Defendant MALESZA and Defendant DOES 1 through 5 was a substantial factor in causing harm to Plaintiff.

53. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant MALESZA and Defendant DOES 1 through 5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

54. The conduct of Defendant C. MALESZA and Defendant DOES 1 through 5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

55. Plaintiff seeks economic damages, general and punitive damages, along with reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants as follows:

    a. For special and general damages, including loss of earnings, medical costs, and interest, in an amount according to proof;

    b. For punitive damages against the individual defendants in an amount to be proven at trial;

    c. For reasonable costs of this suit and attorneys' fees pursuant 42 U.S.C. § 1988; and

    d. For such further relief as the Court may deem just, proper, and appropriate.

Dated: August 25, 2023          THE SEHAT LAW FIRM, PLC

By: _/S/ Cameron Sehat_
      Attorney for Plaintiff